**2015 UT App 293**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
ROBERT RIKER,
Appellant.

Per Curiam Decision
No. 20140884-CA
Filed December 10, 2015

Eighth District Court, Vernal Department
The Honorable Edwin T. Peterson
No. 111800525

Colleen K. Coebergh, Attorney for Appellant

Sean D. Reyes and Daniel W. Boyer, Attorneys
for Appellee

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and
JOHN A. PEARCE.

PER CURIAM:

¶1     Robert Riker appeals his conviction, following a jury trial, of sodomy on a child, a first degree felony. We affirm.

¶2     On appeal, Riker argues that the evidence was insufficient to support his conviction and further argues that the district court erred in denying a motion for directed verdict. When "considering an insufficiency-of-evidence claim, we review the evidence and all reasonable inferences drawn therefrom in a light most favorable to the verdict." *State v. Maestas*, 2012 UT 46, ¶ 177, 299 P.3d 892 (citation and internal quotation marks omitted). We will not reverse a jury verdict if "some evidence exists from which a reasonable jury could find that the elements of the crime had been proven beyond a reasonable doubt." *Id.*

(citation and internal quotation marks omitted). "Thus, '[w]e reverse a jury verdict only when the evidence, so viewed, is sufficiently inconclusive or inherently improbable such that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime for which he or she was convicted.'" *Id.* (alteration in original) (quoting *State v. Dunn*, 850 P.2d 1201, 1212 (Utah 1993)). Furthermore, it is not the role of an appellate court to determine witness credibility. *See State v. White*, 2011 UT App 162, ¶ 8, 258 P.3d 594.

¶3      "A person commits sodomy on a child if the actor engages in any sexual act upon or with a child who is under the age of 14, involving the genitals or anus of the actor or the child and the mouth or anus of either person . . . ." Utah Code Ann. § 76-5-403.1 (LexisNexis Supp. 2014). Riker generally contends that there was insufficient evidence to prove these elements and more specifically contends that there was insufficient proof that the victim was under the age of fourteen when the incident occurred. However, viewing the evidence in a light most favorable to the verdict, we note that the victim testified that during the summer when he was between the sixth and seventh grade, Riker performed a sex act on the victim that fell within the scope of the sodomy statute. The victim consistently testified that the sex act that formed the basis for the charge occurred. The victim testified to his birthdate. The detective who interviewed the victim about the reported abuse at the Children's Justice Center (CJC) testified to the date that the interview took place, which was before the victim's fourteenth birthday. Riker has not satisfied his burden on appeal to demonstrate that the evidence and all reasonable inferences from it were "sufficiently inconclusive or inherently improbable . . . [that] reasonable minds must have entertained a reasonable doubt that the defendant committed the crime for which he . . . was convicted." *Maestas*, 2012 UT 46, ¶ 177 (citation and internal quotation marks omitted).

¶4     We agree with the State that the victim's initial confusion over the prosecutor's preparatory questions do not require a different result. Similarly, the claimed inconsistencies in the victim's testimony do not demonstrate that the jury's verdict was not supported by sufficient evidence. The alleged inconsistencies in the time frame for the incident do not demonstrate that the evidence was insufficient to support the jury's implicit determination that the victim was under fourteen when the offense occurred. The jury heard the victim's birthdate, his recollection of when the offense occurred, and the information presented by the detective that the CJC interview occurred prior to the victim's fourteenth birthday. It follows that the offense would have occurred before the victim turned fourteen years of age.

¶5     The district court also did not err in denying the defense motion for a directed verdict. "[W]e will uphold the trial court's [denial of a motion for directed verdict or to arrest judgment] if, upon reviewing the evidence and all inferences that can be reasonably drawn from it, we conclude that some evidence exists from which a reasonable jury could find that the elements of the crime had been proven beyond a reasonable doubt." *State v. Montoya*, 2004 UT 5, ¶ 29, 84 P.3d 1183 (citation and internal quotation marks omitted). Because we determine that the evidence was sufficient to support the jury's verdict, we also conclude that the district court did not err in denying a motion for directed verdict.

¶6     Accordingly, we affirm.

––––––––––